IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CHRIS BARNARD, JOLENE FURDEK, and RENE REVILLA**, Each Individually and on Behalf of All Others Similarly Situated | **PLAINTIFFS** |
| vs. | 3:17-cv-2650-N |
| **FUSION LOGISTICS, INC.; FUSION LOGISTICS, LLC; PEI OHIO, INC.; and PREMIUM TRANSPORTATION STAFFING, INC.** | **DEFENDANTS** |

### FIRST AMENDED AND SUBSTITUTED COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Chris Barnard, Jolene Furdek and Rene Revilla, each individually and on behalf of others similarly situated, by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, and for their First Amended and Substituted Complaint–Collective Action against Defendants Fusion Logistics, Inc.; Fusion Logistics, LLC; PEI Ohio, Inc.; and Premium Transportation Staffing, Inc. (collectively "Defendants"), and in support thereof they do hereby state and allege as follows:

I.     PRELIMINARY STATEMENTS

1. Plaintiffs, each individually and on behalf of all others similarly situated, bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees, as a result of Defendants' commonly applied policy and practice of failing to pay Plaintiffs and all others similarly situated overtime wages as required by the FLSA.

2. On March 24, 2017, Separate Defendant Premium Transportation Staffing, Inc. ("PTS"), filed for bankruptcy protection in the United States Bankruptcy Court for the Northern District of Ohio, and is named in this Complaint only for the purpose of preserving Plaintiffs' rights in bankruptcy court.

3. Plaintiffs have filed a Suggestion of Bankruptcy at ECF No. 8, and this case is stayed as to PTS.

4. Plaintiffs do not seek relief from PTS in this case or through this Court at this time.

5. The purpose of this First Amended Complaint is to correct the names of certain defendants in the allegations, to modify the class definition accordingly, and to make it clear that Plaintiffs are not seeking relief from PTS in this case or through this Court at this time.

## II.     JURISDICTION AND VENUE

6. The United States District Court for the Northern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

7. Defendant conducts business within the State of Texas, providing courier/delivery services within the State of Texas.

8. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

9. A substantial part of the acts complained of herein were committed and had their principal effect against Plaintiffs within the Dallas Division of the Northern District of Texas; therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### III.   THE PARTIES

10. Plaintiff Chris Barnard is an individual and resident and domiciliary of the State of Texas. He was employed by Defendants to work as a courier.

11. Plaintiff Jolene Furdek is an individual and resident and domiciliary of the State of Texas. She was employed by Defendants to work as a courier and a dispatcher.

12. Plaintiff Rene Revilla is an individual and resident and domiciliary of the State of Texas. He was employed by Defendants to work as a courier and a dispatcher.

13. At all times material herein, each Plaintiff has been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

14. Defendant Fusion Logistics, Inc. ("Fusion Inc."), is a for-profit, Florida corporation providing courier services.

15. Fusion Inc. maintains a company-wide website, which is located at http://www.solutionsbyfusion.com/.

16. Fusion Inc. may be served through its agent, Ari Sweetbaum, Esq., of Daniels Kashtan, at 4000 Ponce De Leon Blvd, Suite 800, Coral Gables, Florida 33146.

17. Defendant Fusion Logistics, LLC ("Fusion LLC"), is a for-profit, domestic limited liability company.

18. Fusion LLC may be served through its agent, Mark R. Stuchbery, at 134 Vintage Park Boulevard, Suite A139, Houston, Texas 77070.

19. Defendant PEI Ohio, Inc. ("PEI"), is a for-profit, Ohio corporation.

20. PEI may be served through its agent, William Schoenstein, Jr., at 190 Highland Court, Medina, Ohio 44256.

21. Defendant Premium Transportation Staffing, Inc. ("PTS"), is a for-profit Ohio corporation.

22. PTS may be served through its agent, B. & McD., Inc., at 388 South Main Street, Suite 600, Akron, Ohio 44311.

## IV.   FACTUAL ALLEGATIONS

23. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

24. Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

25. During each of the three years preceding the filing of this Complaint, Defendants' had at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce, including, but not limited to, medical supplies and bio-materials, catering supplies, or manufactured goods for the benefit of Defendant.

26. Defendants' primary business purpose is to provide delivery services, and Defendants employ courier drivers and dispatchers to accomplish this goal.

27. Within three years prior to the filing of this Complaint, Defendants hired Plaintiffs, among other individuals, to perform duties as courier drivers and dispatchers.

28. Defendants were the employer for purposes of the FLSA of the couriers and dispatchers, including Plaintiffs and the Putative Class Members, throughout the relevant time period in this case.

29. Defendants paid Plaintiffs as W-2 employees.

30. Plaintiffs' work as couriers primarily involved delivering packages that were ordered through www.amazon.com.

31. Plaintiffs worked from Defendants' facilities in Farmer's Branch, Texas.

32. To perform their jobs for Defendants, each and every courier must be trained or oriented to their duties, Defendants' paperwork, processes and methods, customer requirements, and anything else they need to know to perform the work for Defendants.

33. Defendants exercised comprehensive control over the employment of their couriers, including Plaintiffs' employment.

34. All couriers were expected to follow Defendants' dress code and guidelines.

35. Defendants expected each and every courier to wear a photo identification badge.

36. All couriers were hired to work for Defendants for an indefinite period of time.

37. No couriers shared in Defendants' profits.

38. No couriers shared in Defendants' losses.

39. Defendants, not Plaintiffs, set the pay rate for couriers.

40. Couriers were not involved in getting new customers for Defendants.

41. Defendants entered into contracts with their customers, and no courier signed contracts with Defendants' customers.

42. Couriers did not submit competitive pricing bids for routes or deliveries.

43. Defendants set prices to its customers for certain types of packages or delivery routes without courier input or negotiation.

44. Defendants determined where to locate Defendants' branches and offices without courier input.

45. Defendants made decisions on advertising Defendants' business without courier input.

46. Couriers did not advertise themselves.

47. Defendants made decisions on what new business to pursue or take without courier input.

48. Couriers did not negotiate contracts or prices with Defendants' customers.

49. All couriers had at least one manager or other superior individual who was in charge of them and the other couriers at the branch, who made hiring and firing decisions, who arranged for training or orientation of new couriers, and who communicated corporate policies, decisions, or directives.

50. Defendants required couriers to follow the directions of Defendants' field managers with respect to performing work.

51. Defendants' field managers had authority to fire couriers for insubordination or failure to adhere to any other of Defendants' policies or procedures.

52. Defendants required all couriers to follow Defendants' policies regarding how to track deliveries.

53. Defendants expected all couriers to be on-site by a certain time to start work.

54. Defendants required all couriers to obtain and maintain a certain level of insurance.

55. During the relevant time, each Plaintiff performed courier/delivery services and incidental duties on Defendants' behalf.

56. Plaintiffs regularly performed courier/delivery services more than forty hours per week.

57. Defendants generally did not pay any couriers any overtime premium for hours that they worked over forty hours per week.

58. In other words, if any courier worked more than forty hours per week, Defendants' policy was not to pay that courier an overtime premium of one and one half times the couriers' regular rate for the hours over forty.

59. As part of its courier business, Defendants also used the services of dispatchers.

60. Plaintiff-dispatchers regularly worked more than forty hours per week.

61. Defendants generally did not pay any couriers any overtime premium for hours that they worked over forty hours per week.

62. In other words, if any courier worked more than forty hours per week, Defendants' policy was not to pay that courier an overtime premium of one and one half times the couriers' regular rate for the hours over forty.

63. Defendants knew or should have known that the job duties of both couriers and dispatchers required Plaintiffs to work hours in excess of forty per week,

yet Defendants failed and refused to compensate Plaintiffs for their work as required by the FLSA.

64. At all times relevant hereto, Defendants were aware of the minimum wage and overtime requirements of the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

65. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

66. Plaintiff-couriers bring their claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are or will be employed by Defendants as similarly situated employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

  i. Minimum wages for the first forty (40) hours worked each week;

  ii. Overtime premiums for all hours worked for Defendants in excess of forty (40) hours in any week;

  iii. Reimbursement for vehicle-related expenses sufficient to bring compensation to minimum wages and overtime premiums;

  iv. Liquidated damages; and

  v. Costs of this action, including attorney's fees.

67. The proposed class of opt-in Plaintiffs in this case is preliminarily defined as follows:

> **Each individual who (a) drove for Fusion Logistics, Inc. ("Fusion"), as a "courier" or "driver" pursuant to Fusion's agreement with Amazon any time after three years prior to the filing of the original complaint, (b) never subcontracted any of his or her Amazon delivery**

**work for Fusion or otherwise hired anyone to perform part or all of his or her work, and (c) performed his or her regular Amazon delivery work for Fusion for more than forty hours per week in at least one work week.**

68. The proposed FLSA class members are similarly situated in that they share these traits:

   i. They performed the same or similar job duties;

   ii. They were subject to Defendants' common policy of failing to properly pay overtime-rate wages for all hours worked in excess of forty (40) hours per week;

   iii. They were subject to numerous other common policies and practices as described in the preceding section.

   iv. They all drove company-owned vehicles.

   v. They all primarily delivered Amazon packages.

69. Plaintiffs are unable to state the exact number of the class but believe that the class membership exceeds 50 persons but is less than 250 persons. Defendants can readily identify the members of the classes, who are a certain portion of the current and former employees of Defendants.

## VI.   FIRST CAUSE OF ACTION
### (Individual Claims for FLSA Overtime Violations)

70. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

71. 29 U.S.C. § 207 requires any enterprise engaged in commerce to pay all employees one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

72. Defendants also unlawfully refrained from paying Plaintiffs an overtime premium for hours over forty per week.

73. Defendants' failure to pay each Plaintiff all overtime wages owed and to reimburse Plaintiff's work-related vehicle expenses was willful.

74. By reason of the unlawful acts alleged herein, Defendants are liable to each Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VII.   SECOND CAUSE OF ACTION
### (Collective Action Claim for Violations of the FLSA)

75. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

76. Plaintiffs, on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

77. Defendants unlawfully refrained from paying Drivers an overtime premium for hours over forty per week.

78. Defendants' failure to pay Drivers all overtime wages owed and to reimburse Drivers' work-related vehicle expenses was willful.

79. By reason of the unlawful acts alleged herein, Defendants are liable to members of the Section 216 class for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Chris Barnard, Jolene Furdek and Rene Revilla, each individually and on behalf of others similarly situated, respectfully pray for declaratory relief and damages as follows:

A.   That each Defendant, other than PTS, be summoned to appear and answer herein;

B.   That Defendants, other than PTS, be required to account to Plaintiffs, the class members, and the Court for all of the hours worked by Plaintiffs and the class members and all monies paid to them;

C.   A declaratory judgment that Defendants' (except for PTS) practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

D.   Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying members of the collective action class;

E.   Judgment against Defendants other than PTS for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

F.   Judgment against Defendants other than PTS for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and Putative Class Members during the applicable statutory period;

G. An order directing Defendants other than PTS to pay Plaintiffs and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

H. Such other and further relief as this Court may deem necessary, just and proper.

             Respectfully submitted,

             **CHRIS BARNARD, JOLENE FURDEK, and RENE REVILLA, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

             SANFORD LAW FIRM, PLLC
             One Financial Center
             650 South Shackleford, Suite 411
             Little Rock, Arkansas 72211
             Telephone: (501) 221-0088
             Facsimile: (888) 787-2040

By: */s/ Josh Sanford*
    Josh Sanford
    Tex. Bar No. 24077858
    josh@sanfordlawfirm.com

## **CERTIFICATE OF SERVICE**

  I, Josh Sanford, certify that on the date imprinted by the CM/ECF system, a copy of the foregoing COMPLAINT was sent to the following attorneys via email:

Katherine M. Anand, Esq.
kanand@estesthornecarr.com
Terah Moxley, Esq.
tmoxley@estesthornecarr.com
3811 Turtle Creek Blvd., Suite 2000
Dallas, Texas 75219
Telephone: (214) 599-4000

Mark Katz, Esq.
mkatz@ulmer.com
Trevor J. Hardy, Esq.
thardy@ulmer.com
1660 West Second Street, Suite 1100
Cleveland, Ohio 44113-1406
Telephone: 216-583-7000

                /s/ Josh Sanford
                **Josh Sanford**