IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHRIS BARNARD, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 3:17-CV-02650-N |
| ) | |
| FUSION LOGISTICS, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO STRIKE
PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION**

Defendants Fusion Logistics, Inc. and PEI Ohio, Inc. (collectively "Defendants") file this Brief in Support of Their Motion to Strike Plaintiffs' Motion for Conditional Certification [Docket Nos. 30 and 31] on the grounds that Plaintiffs' Motion is grossly untimely as filed in contravention of this Court's previously-issued Order as forth below.

**I.    RELEVANT CHRONOLOGY**

- On September 22, 2017, Plaintiffs filed their Original Complaint – Collective Action seeking overtime compensation for themselves and a class of similarly situated employees. [*See* Docket No. 1.]

- On December 22, 2017, the parties filed a Joint Report wherein, under a heading of "Possible Joinder of Additional Parties," Plaintiffs stated that they:

    . . . intend to seek conditional certification of a class under Section 216(b) of the Fair Labor Standards Act which, if granted, would allow other similarly situated individuals to join this case by filing a written consent."

    [*See* Docket No. 26, p. 2, ¶ 3.]

- On January 16, 2018, the Court issued a Scheduling Order which included the following:

    **"2.  Any motions for leave to join additional parties must be filed within 90 days of the date this Order."**

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO STRIKE             PAGE 1
PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION**

[*See* Docket No. 28, p. 1, ¶ 2 (emphasis added).]

- On September 4, 2018, Plaintiffs filed their Motion for Conditional Certification. [*See* Docket No. 30.]

## II.    ARGUMENT

Plaintiffs' Motion for Conditional Certification should be stricken in that it is grossly untimely. This Court has held that a Motion to Strike is the proper procedural action to take with respect to the filing of untimely pleadings or motions. *See Steinberg v. Brennan*, No. Civ. A., 3:03-CV-0562, 2005 WL 1837961, at *1 (N.D. Tex, July 29, 2005) (striking a cause of action contained in an Amended Complaint filed in contravention of the Court's Scheduling Order); *see also Affiliated Computer Servs. Derivative Litig.*, Master File No. 3:06-CV-1110 M (N.D. Tex. May 30, 2007) (Order at Docket No. 63) (Lynn, J.) ("Because the Motion was filed past the due date stated in the Order, this Court strikes it as untimely.").

In this case, the <u>mandatory</u> deadline for the filing of a motion to join additional parties appears on the first page of the Court's Scheduling Order.  It expressly requires that any such motions to add additional parties "must be filed within 90 days of the date of this Order." [*See* Docket No. 28, p. 1, ¶ 2.]  Given the Order was issued January 16, 2018, the 90-day deadline was April 16, 2018.

Plaintiffs' recent filing of its Motion for Conditional Certification clearly is in violation of the Scheduling Order; in fact, it is over 4½ months late.  Plaintiffs did not seek leave of the Court, move for an extension of the deadline, or articulate any justification for the late filing. It is anticipated that Plaintiffs will argue that the deadline contained in the Scheduling Order did not specifically apply to motions for conditional certification under Section 216(b) of the Fair Labor Standards Act (29 U.S.C. 216(b)); however, such an argument is without merit based upon the facts of this case.

As pointed out above, more than 8 ½ months ago, in the Parties' Joint Report to the Court under the heading "Possible Joinder of Additional Parties," Plaintiffs advised the Court that they intend to seek conditional certification to add additional parties. [*See* Docket No. 26, p. 2, ¶ 3.] Therefore, it is clear that Plaintiffs understood that the "joinder of additional parties" covered adding parties through the conditional certification procedure under the Fair Labor Standards Act. Additionally, Plaintiffs' Motion for Conditional Certification fails to allege any fact that was unknown to them at the inception of this case. In other words, the Plaintiffs' Motion could have been filed immediately after the filing of the Complaint. Thus, Plaintiffs should be estopped to now argue that the deadline for adding additional parties contained in the Court's Scheduling Order did not apply to the conditional certification process. Further, when analyzing a motion for conditional certification under Section 216(b) of the Fair Labor Standards Act, it is substantively a process to join additional parties to the lawsuit. Indeed, the Fifth Circuit in *Reyna v. International Bank of Commerce*, 839 F.3d, 373, 374 n. 1 (5th Cir. 2016), in discussing the process under Section 216(b) stated:

> "The court therefore oversees the joinder of additional parties to the collective action by issuing court-authorized notice to potential plaintiffs . . ."

Further, to the extent Plaintiffs argue that the Court's Order was somehow ambiguous, it is clear by their own recitation in the Joint Report that Plaintiffs' understood what the Order was addressing, knew they may seek conditional certification, and for some inexplicable reason, failed to timely comply with the Court's Order. Additionally, if the Plaintiffs truly thought the Court's Order was unclear, they could have sought clarification at any time prior to the April 16, 2018, deadline; however, no such clarification was sought. Therefore, Plaintiffs' anticipated argument as to the "clarity" of the Court's Order is without merit.

Indeed, a review of the record in this case reveals a <u>lack</u> <u>of</u> <u>any</u> <u>actions</u> taken by the Plaintiffs to advance this case. Plaintiffs have not engaged in any discovery during the more than 11 months that this lawsuit has been pending. Therefore, to permit Plaintiffs' Motion for Conditional Certification to go forward almost a year after this case was filed, when there is absolutely no reason why they could not have filed it shortly after the Complaint was filed, seems to reward or excuse the Plaintiffs for their lack of activity with regard to this matter.[1]

Finally, Plaintiffs' Motion, if granted, would destroy the Court's Scheduling Order. While Plaintiffs' filed documents affirmatively state:

> "This case has not been set for trial." (*See* Plaintiffs' Proposed Notice of Right to Join Lawsuit, Docket No. 30-1 at p. 2 of 3, ¶ 2 (filed Sept. 4, 2018)),

Plaintiffs' assertion is incorrect. The Court's Scheduling Order clearly states that the case is set for trial March 4, 2019. [*See* Docket No. 28, p. 1, ¶ 1.]

Finally, as the Court well knows, the class certification process can be a lengthy one. Indeed, Plaintiffs have requested a 90-day period after notices have been sent, for opt-in consent forms to be filed. As the parties' Joint Report states, it was agreed that a trial date 14 months after the date of the Scheduling Order would be sufficient. [*See* Docket No. 26, p. 2, ¶ 5.] However with Plaintiffs' delayed filing of its Motion for Conditional Certification, the Court's Scheduling Order will be impossible to be complied with. Thus, unless Plaintiffs' Motion is struck, the pretrial and trial dates would have to be continued to accommodate the Plaintiffs' inexcusable delay and neglect. This would be prejudicial to Defendants and increase their attorneys' fees and costs. Suffice it to say, Plaintiffs' Motion, based upon a severe mis-reading of

---

[1] In addition to Plaintiffs' Motion for Conditional Certification being non-compliant with the Court's Scheduling Order, it also violates this Court's Local Rules in that neither a Certification of the required pre-filing conference nor a proposed Order has been filed with the Motion. (Local Rules 7.1(b) and 7.1(c)).

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO STRIKE**  **PAGE 4**
**PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION**

the Scheduling Order, will clearly cause a substantial delay in the adjudication of the named Plaintiffs' claims and disrupt the efficient administration of the Court's calendar.

### III. CONCLUSION

As demonstrated herein, Plaintiffs' Motion for Conditional Certification was filed many months beyond the mandated deadline and without leave even being sought. It is clear from Plaintiffs' own words contained in the Joint Report that Plaintiffs understood that the provision in the Scheduling Order addressing joinder of additional parties applied to the process under Section 216(b) of the Fair Labor Standards Act.

A reading of Plaintiffs' Brief in Support of its Motion notes in several places the importance of early conditional certification and indeed even seeks, "Expedited Review" of its Motion. [*See* Docket No. 31, p. 24.] This is hardly consistent with Plaintiffs' dilatory filing of its Motion almost a year after this case was initiated. It should be noted that the class of potential plaintiffs will <u>not</u> lose any rights that they would have otherwise had if this Motion to Strike is granted.

Therefore, Plaintiffs' Motion for Conditional Certification should be stricken.

### CERTIFICATION OF CONFERENCE

Defendants certify that pursuant to Local Rule 7.1(b), Defendants' counsel Mark D. Katz conferred with Plaintiffs' counsel Josh Sanford on September 7, 2018, regarding Defendants' Motion to Strike. Plaintiffs' counsel stated that said Motion will be opposed in that Plaintiffs assert their Motion for Conditional Certification was filed in compliance with the Scheduling Order.

Respectfully submitted,
**ULMER & BERNE LLP**

/s/ *Mark D. Katz*
Mark D. Katz

*Admitted Pro Hac Vice*
Ohio Bar No. 0062861
Trevor J. Hardy
*Admitted Pro Hac Vice*
Ohio Bar No. 0003455
Skylight Office Tower
1660 W. 2nd St., Suite 1100
Cleveland, Ohio  44113-1448
(216) 583-7000 (phone)
(216) 583-7001 (fax)
E-mail: mkatz@ulmer.com
E-mail: thardy@ulmer.com

*Counsel for Defendant PEI Ohio, Inc.*

**and**

**JACKSON & LEWIS P.C.**

*/s/  Paul F. Penichet*
Paul F. Penichet
*Admitted Pro Hac Vice*
Fla. Bar No.: 0899380
One Biscayne Tower
Two South Biscayne Blvd., Suite 3500
Miami FL  33131
(305) 577-7655 (phone)
E-mail: Paul.Penichet@jacksonlewis.com

*Counsel for Defendant Fusion Logistics, Inc.*

**and**

**ESTES THORNE & CARR PLLC**

*/s/ Katherine M. Anand*
Katherine M. Anand
State Bar No. 24050223
Terah Moxley
State Bar No. 24074768
3811 Turtle Creek Blvd., Suite 2000
Dallas TX  75219
(214) 599-4000 (phone)
(214) 599-4099 (fax)
E-mail: kanand@estesthornecarr.com
E-mail: tmoxley@estesthornecarr.com

*Counsel for Defendants Fusion Logistics, Inc. and PEI Ohio, Inc.*

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO STRIKE**     **PAGE 6**
**PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION**

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 11th day of September, 2018, the foregoing *Defendants' Fusion Logistics, Inc. and PEI Ohio, Inc.'s Motion to Strike Plaintiffs' Motion for Conditional Certification* was filed electronically.  Notice of this filing will be sent to parties and their counsel through the normal operation of the Electronic Case Filing system.  Parties and their counsel may access this filing through the Electronic Case Filing system.

      Respectfully submitted,

      */s/  Katherine M. Anand*
      Katherine M. Anand