IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**CHRIS BARNARD, JOLENE FURDEK, and**                  **PLAINTIFFS**
**RENE REVILLA, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.                                            3:17-cv-2650-N

**FUSION LOGISTICS, INC.;**                             **DEFENDANTS**
**FUSION LOGISTICS, LLC; PEI OHIO, INC.; and**
**PREMIUM TRANSPORTATION STAFFING, INC.**

### **PLAINTIFFS' RESPONSE TO MOTION TO STRIKE**
### **PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION**

## I.    INTRODUCTION

Defendants' Motion to Strike Plaintiffs' Motion for Conditional Certification (ECF No. 32) (hereinafter "Motion to Strike") should be denied and dismissed because Plaintiffs' Motion for Conditional Certification, for Approval and Distribution of Notice and for Disclosure of Contact Information (ECF No. 30) (hereinafter "Motion for Conditional Certification") is timely under this Court's Scheduling Order (ECF No. 28). Even if it were not, the Motion for Conditional Certification should still be considered by this Court on the merits due to the particular facts and circumstances of this case, including Plaintiffs' understanding of the Scheduling Order, ongoing negotiations between Plaintiffs and Defendants, and the timeframe established by the Scheduling Order.

Page 1 of 10
Chris Barnard, et al. v. Fusion Courier, Inc., et al.
U.S.D.C. (N.D. Tex.) No. 3:17-cv-2650-N
Plaintiffs' Response to Motion to Strike

## II.     LEGAL STANDARD: MOTION TO STRIKE

Under Rule 12(f), a court "may strike from a pleading[1] an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." F.R.C.P. 12(f). "Rule 12(f) motions require a showing of prejudice." *Landmark Graphics Corp. v. Seismic Micro Tech., Inc.*, 2007 U.S. Dist. LEXIS 4405, *3 (S.D. Tex. Jan. 22, 2007). Conclusory statements about unfair prejudice will not suffice, but rather a stronger showing is required under Rule 12(f). *Id.* at *4 (citing *Auto Wax Co., Inc. v. Mothers Polishes Waxes Auto Wax Co.*, 2007 U.S. Dist. LEXIS 3635, 2002 WL 368526, *5 (N.D. Tex.).

Motions made under Rule 12(f) are disfavored. *Id.*; *See also Stanbury Law Firm, P.A. v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000) (noting that "striking a party's pleadings is an extreme measure, and, as a result, it has been previously held that motions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted") (internal citations, quotation marks, and editing marks omitted). This is especially true because a motion to strike is often "sought by the movant simply as a dilatory or harassing tactic." *Dallas v. Am. Gen. Life & Accident Ins. Co.*, 2011 U.S. Dist. LEXIS 49910 at *2–3 (E.D. Mo. May 10, 2011). (citing Wright & Miller, 5C Fed. Prac., & Proc. Civ. § 1380 (3d ed. 2010)).

## III.    ARGUMENT

To begin with, Plaintiffs' Motion for Conditional Certification may not be the subject of a motion to strike because it does not contain an insufficient defense or any

---

[1] Because Rule 12(f) only applies to "pleadings," Plaintiffs' Motion for Conditional Certification may not be the subject of a motion to strike because it is not a "pleading." The term "pleadings" has a very specific and limited definition. Only the following documents are considered "pleadings:" a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and a court-ordered reply to an answer. F.R.C.P. 7(a).

Page 2 of 10
Chris Barnard, et al. v. Fusion Courier, Inc., et al.
U.S.D.C. (N.D. Tex.) No. 3:17-cv-2650-N
Plaintiffs' Response to Motion to Strike

redundant, immaterial, impertinent, or scandalous matter, and Defendants do not suggest that it does. Rather, the entire basis of Defendants' Motion to Strike is Defendants' misplaced argument that Plaintiffs' Motion for Conditional Certification is untimely.[2]

Plaintiffs' Motion for Conditional Certification is not untimely. This Court's Scheduling Order sets the deadline for "all motions" at ninety days before the trial on March 4, 2019, which is December 4, 2018. Scheduling Order ¶ 3(e). ECF No. 28. Plaintiffs' Motion for Conditional Certification falls under this category of "motions" and is therefore timely because it was filed on September 4, 2018, a full ninety-one days before this deadline.

Defendants argue that Plaintiffs' Motion for Conditional Certification is actually a motion for leave to join additional parties that falls under the deadline of April 16, 2018, for joining parties and amending pleadings, set by Paragraph 2 of the Scheduling Order. Scheduling Order ¶ 2, ECF No. 28. Paragraph 2 of the Scheduling Order states:

> Any motions for leave to join additional parties must be filed within ninety days of this Order. Any motion for leave to amend pleadings under Rule 15(a) must be filed within 180 days of this Order. Any motion for leave to amend pleadings after that date must show good cause pursuant to Rule 16(b).

---

[2] Defendants also argue that Plaintiffs' Motion for Conditional Certification "violates this Court's Local Rules in that neither a Certification of the required pre-filing conference nor a proposed Order has been filed with the Motion." Def. Brief in Support of Motion to Strike, p. 4, fn 1. ECF No. 33. The first of these allegations, regarding Certification, is factually inaccurate. The Certification of conference is located on Page 5 of Plaintiffs' Motion for Conditional Certification (ECF No. 30).

Regarding the proposed order, Plaintiffs did not file a proposed order because the local rules do not appear to require it. The requirement of a proposed order under Local Rule 7.1(c) begins with an exception to the rule, namely "an opposed motion that is submitted on paper . . . .". LR 7.1(c). Because Plaintiffs' motion was opposed, and because it was submitted on paper, Plaintiffs did not file a proposed order. If Plaintiffs have misunderstood the rule, or have missed some other rule or directive that requires a proposed order, Plaintiffs are ready, willing and able to provide a proposed order. In any event, Defendants make no argument that the failure to attach a proposed Order is, or could be, or should be, a basis for its Motion to Strike or that it suffered any prejudice as a result.

**Page 3 of 10**
**Chris Barnard, et al. v. Fusion Courier, Inc., et al.**
**U.S.D.C. (N.D. Tex.) No. 3:17-cv-2650-N**
**Plaintiffs' Response to Motion to Strike**

Defendants argue that the first sentence, referring to "motions for leave to join additional parties," includes motions for conditional certification. However, the plain language of this sentence indicates that it is intended to apply only to motions for joinder under Rule 20, which provides for a specific mechanism for plaintiffs and defendants to be joined where the claims at issue arise "out of the same transaction, occurrence or services of transactions or occurrences."

Other courts agree that deadlines referring to motions to join parties apply to motions under Federal Rules 19 and 20, not motions for conditional certification. *Garcia v. Triple D Sec. Corp.*, No. H-10-4231, 2012 U.S. Dist. LEXIS 30143, at *5–6 (S.D. Tex. Mar. 6, 2012); *Lewis v. Nat'l Fin. Sys.*, Civil Action No. 06-1308 (DRH) (ARL), 2007 U.S. Dist. LEXIS 62320, at *3–4 (E.D.N.Y. Aug. 23, 2007) ("The deadline to amend pleadings refers to motions pursuant to Rule 15 of the Federal Rules of Civil Procedure. Defendants' argument that a certification motion seeks to add new parties and by doing so amend the pleadings, while perhaps clever, is not well taken."); *see also* Ex. 3, Order, p. 2, *Johnson v. A and R Mobile Home Supply and Service, Inc.*, Case No. 4:16-cv-577-DPM (E.D. Ark., Dec. 6, 2016), ECF No. 11 (recognizing that the "motions" deadline included motions for conditional certification).

These decisions make sense because a motion for conditional certification is not the same as a motion for leave to join parties, and completely different standards govern the procedures. As noted above, Rule 20 requires that the claims at issue arise "out of the same transaction, occurrence or series of transactions or occurrences," while collective certification under 29 U.S.C. § 216(b) ("Section 216(b)") requires that the parties be "similarly situated." Moreover, plaintiffs joined under Rule 20 are named

Page 4 of 10
Chris Barnard, et al. v. Fusion Courier, Inc., et al.
U.S.D.C. (N.D. Tex.) No. 3:17-cv-2650-N
Plaintiffs' Response to Motion to Strike

plaintiffs whose claims must generally be tried on the merits, whereas opt-in plaintiffs under the collective action procedures may simply be dismissed from the case upon "decertification," which may have nothing to do with the merits of the claim. *See e.g.*, *Wilson v. Navika Capital Grp., LLC*, No. 4:10-CV-1569, 2014 U.S. Dist. LEXIS 7181, at *47 (S.D. Tex. Jan. 17, 2014) ("If the court finds that the plaintiffs are not similarly situated, then the class is decertified, the 'opt-in' plaintiffs are dismissed without prejudice, and the original plaintiffs proceed to trial on their individual claims.").[3] Rule 20 and Section 216(b) are very different procedures with different standards and statuses vis-à-vis the individuals they govern. Opt-in Plaintiffs under Section 216(b) are not "joined" in an action; therefore, Paragraph 2 of the Scheduling Order does not apply to conditional certification motions.

If Paragraph 2 of the scheduling order were intended to apply to motions for conditional certification, the fact that the meaning of Paragraph 2 is unclear should weigh in Plaintiffs' favor.[4] "Scheduling order[s] are entered to ensure the orderly and timely progression of matters before the Court and not as a trap for the unwary." *Lewis*, 2007 U.S. Dist. LEXIS 62320, at *4.

Even if Plaintiffs' Motion for Conditional Certification were untimely under the current Scheduling Order, Defendants must establish prejudice to support their Rule 12(f) request. *Landmark Graphics Corp.*, 2007 U.S. Dist. LEXIS 4405, at *3. Defendants

---

[3] The following factors are relevant at the decertification stage: "(1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations." *Id.*

[4] Defendants attempt to leverage Plaintiffs' use of the word "join" in the Joint Report to support their argument, but this only underscores the weakness of Defendants' position. The Joint Report is informational and provides the Court with guidance in making a scheduling order. *See e.g.*, Order Requiring Status and Scheduling Conference. ECF No. 23. Defendants' effort to turn it into a vehicle for sweeping concessions is misplaced. Of the categories of information for the Joint Report dictated by the Court, "Possible joinder of additional parties" is simply the best location to include a discussion of the collective nature of this case.

Page 5 of 10
Chris Barnard, et al. v. Fusion Courier, Inc., et al.
U.S.D.C. (N.D. Tex.) No. 3:17-cv-2650-N
Plaintiffs' Response to Motion to Strike

claim "prejudice" in the form of increased fees and costs resulting from a continuance of the trial date in this case that may (or may not) result from certification of a collective action in this case. Defendants do not explain how their fees and costs would be increased by this imagined continuance, and this type of conclusory allegation of prejudice is insufficient in the Rule 12(f) context. *See Id.* at *4.

In addition, Defendants' assertion of prejudice, however unsubstantiated, via the filing of Plaintiffs' Motion for Conditional Certification is tempered by Defendants' knowledge that Plaintiffs intended to proceed with a collective action in this case. Plaintiffs asserted in their Original Complaint—Collective Action (hereinafter "Complaint") (ECF No. 1) that they intended to proceed with a collective action. Not only is this intent reflected in the title of the Complaint, but Plaintiffs outlined specific collective action allegations and identified a cause of action under the collective action procedures of the FLSA. *See* Complaint ¶¶ 61–65, 71–75. ECF No. 1.

But Plaintiffs' pursuit of collective claims did not end with the Complaint. Plaintiffs and Defendants have engaged in settlement negotiations since very early on in this litigation. *See* Ex. 1, Email dated December 20, 2017 (email from counsel for Defendants to counsel for Plaintiffs' suggesting conducting "informal discovery" for purposes of resolving this case "early in the litigation process"). Within the negotiation process, Plaintiffs instructed Defendants that they continued to seek collective action certification in this case. *See* Ex. 2, Email dated May 10, 2018 (email from counsel for Defendants to counsel for Plaintiffs with attached damages calculations, sent in response to email from counsel for Plaintiffs to counsel for Defendants inquiring as to whether Plaintiffs' conditional certification motion should be filed prior to mediation).

Page 6 of 10
Chris Barnard, et al. v. Fusion Courier, Inc., et al.
U.S.D.C. (N.D. Tex.) No. 3:17-cv-2650-N
Plaintiffs' Response to Motion to Strike

Notably, counsel for Defendants raised no objection to Plaintiffs' inquiry regarding conditional certification, even though, as Defendants argue, the deadline for joining parties under this Court's Scheduling Order had already passed. *Id*.

Even if Plaintiffs' Motion for Conditional Certification were untimely, consideration of an untimely conditional certification request can be appropriate even where continuance of the scheduled trial may result. In *Galvan v. DNV GL USA, Inc.*, the court proceeded with consideration of a plaintiff's untimely conditional certification request, even though the case had already been pending for a year, because discovery was not closed and "judicial economy weigh[ed] in favor of the collective action instead of having potential opt-ins filing their own actions, and the [d]efendant [would] not suffer any real prejudice from a short continuance of the current deadlines in the scheduling order." Civil Action No. 4:17-CV-1543, 2018 U.S. Dist. LEXIS 85915, at *4 (S.D. Tex. May 22, 2018).

The same is true here. Discovery does not close until December 4, 2018, ninety-one days after Plaintiffs' Motion for Conditional Certification was filed. *See* Scheduling Order ¶ 3(e). ECF No. 28. Just as in *Galvan*, judicial economy in this case weighs in favor of trying the case as a collective action instead of having potential opt-ins file their own actions. And just as in *Galvan*, Defendants will not suffer any real prejudice from a continuance of the trial date and litigation deadlines.

*Galvan* is not the only court to weigh the perceived prejudice to the defendant against the rights of the plaintiff and putative class members. In *Sarikaputar v. Veratip Corp.*, the plaintiff missed a specific deadline for conditional certification motions, yet the court refused to deny the motion based solely on its untimeliness because the

Page 7 of 10
Chris Barnard, et al. v. Fusion Courier, Inc., et al.
U.S.D.C. (N.D. Tex.) No. 3:17-cv-2650-N
Plaintiffs' Response to Motion to Strike

defendants had "not shown any prejudice resulting from the late filing of the motion," and denial of the motion could "prejudice any opt-in plaintiffs who have valid claims." No. 1:17-cv-00814 (ALC) (SDA), 2018 U.S. Dist. LEXIS 147244, at *5–7 (S.D.N.Y. Aug. 29, 2018). Although some delay in trial dates and other litigation deadlines may occur as a result of conditional certification, this is not an inherently unreasonable result. *See also Degidio v. Crazy Horse Saloon & Rest., Inc.*, Civil Action No. 4:13-cv-02136-BHH, 2015 U.S. Dist. LEXIS 132558, at *60–62 (D.S.C. Sep. 30, 2015) (permitting plaintiff to proceed on motion for conditional certification even though discovery had closed and deadline and plaintiff's summary judgment motion had been filed, noting that "the Court assures the defendant that it has the ability to alter the scheduling order and permit class discovery as necessary").

As in *Galvan* and *Sarikaputar*, consideration of Plaintiffs' Motion for Conditional Certification is appropriate even if it filed past its deadline. If this Court determines that conditional certification is appropriate in this case, then the Court can consider whether any deadlines must be continued. If so, then those continuances are appropriate to accommodate opt-in plaintiffs and should be granted. Defendants have specified no actual harm that would result from the delay, and Plaintiffs expect that any delay would not be excessive, given that discovery and motions deadlines are still over two months away.

### IV.   CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court deny Defendants' Motion to Strike. Consideration of Plaintiffs' Motion for Conditional Certification is appropriate, particularly in the circumstances of this case in which 1) the

Page 8 of 10
Chris Barnard, et al. v. Fusion Courier, Inc., et al.
U.S.D.C. (N.D. Tex.) No. 3:17-cv-2650-N
Plaintiffs' Response to Motion to Strike

language of the Scheduling Order indicates that conditional certification motions are not due until December 4, 2018, the date when motions are due; 2) neither discovery nor motions deadlines had passed as of the filing of Plaintiffs' Motion for Conditional Certification; and 3) Defendants have been aware that Plaintiffs intended to file a conditional certification motion both through the allegations contained in the pleadings and via conversations between counsel for the parties.

Respectfully submitted,

**CHRIS BARNARD, JOLENE FURDEK, and RENE REVILLA, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com

Page 9 of 10
Chris Barnard, et al. v. Fusion Courier, Inc., et al.
U.S.D.C. (N.D. Tex.) No. 3:17-cv-2650-N
Plaintiffs' Response to Motion to Strike

## CERTIFICATE OF SERVICE

I, Josh Sanford, do hereby certify that, on the date imprinted by the CM/ECF system, the foregoing RESPONSE was filed via the Court's CM/ECF System which will provide notice to the following:

Katherine M. Anand, Esq.
kanand@estesthornecarr.com
Terah Moxley, Esq.
tmoxley@estesthornecarr.com
3811 Turtle Creek Blvd., Suite 2000
Dallas, Texas 75219
Telephone: (214) 599-4000
Facsimile: (214) 599-4099

Mark Katz, Esq.
mkatz@ulmer.com
Trevor J. Hardy, Esq.
thardy@ulmer.com
1660 West Second Street, Suite 1100
Cleveland, Ohio 44113-1406
Telephone: 216-583-7000
Facsimile: 216-583-7001

                                                           */s/ Josh Sanford*
                                                           **Josh Sanford**

**Page 10 of 10**
**Chris Barnard, et al. v. Fusion Courier, Inc., et al.**
**U.S.D.C. (N.D. Tex.) No. 3:17-cv-2650-N**
**Plaintiffs' Response to Motion to Strike**